### LON HUNT v THE STATE.

#### No. 4776. Decided December 19, 1917.

#### Rehearing denied February 6, 1918.

**1.—Burglary—Recognizance—Appeal Bond.**

Where appellant failed to enter into a recognizance but filed an appeal bond in vacation, which was not approved by the trial judge, the same was invalid, and confers no jurisdiction upon this court. However, this defect having been supplied, the appeal will be reinstated.

**2.—Same—Argument of Counsel—Bill of Exceptions.**

In the absence of a bill of exceptions to objectionable argument by State's counsel, the same can not be considered on appeal, where this objection simply appeared in the motion for a new trial.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary and an appeal therefrom, the evidence in the record sustained the conviction, there was no reversible error.

Appeal from the District Court of Titus. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

*Seb F. Caldwell,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of appeal bond: Wells v. State, 68 Texas Crim. Rep., 277, 150 S. W. Rep., 1163; Black v. State, 68 Texas Crim. Rep., 151, 151 S. W. Rep., 1053.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary his punishment being assessed at two years confinement in the penitentiary.

The Assistant Attorney General moves to dismiss the appeal. Appellant failed to enter into a recognizance, but filed an appeal bond, which seems not to be in compliance with the law. Court adjourned on the 14th day of July. The appeal bond was filed on the 10th of August.

The law requires that the bond shall be approved when filed in vacation, as this bond was, not only by the sheriff of the county, but also by the district judge who tried the case. The sheriff did approve the bond, but the district judge did not. In order to make it a valid obligation the judge who tried the case must approve the bond in addition to the approval of the sheriff.

The motion will be sustained and the appeal dismissed.

*Dismissed.*

### ON REHEARING.

#### February 6, 1918.

DAVIDSON, Presiding Judge.—On a previous day of the term this appeal was dismissed because of an insufficient recognizance. This defect has been supplied, and the case will be reinstated.

Appellant insists the judgment should be reversed because of illegitimate argument of State's counsel. He requested charges to disregard said argument stating as a reason in the special charges, as he does in the motion for new trial, that the evidence did not justify such remark, and in fact that there was no evidence to form the basis of the argument. Had this matter been verified by a bill of exceptions, it would have presented a question for consideration. That counsel made the statement imputed to him is not certified by the trial judge, and such matters are not shown to have occurred except as stated above. In order to have matters of this sort considered on appeal they should be in some manner verified by the court, and because this was not done this matter will not be considered.

We are of opinion that the evidence justified the jury in finding that appellant was the party who entered the alleged burglarized house and took the property.

The judgment will be affirmed.

*Affirmed.*